IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANDREAS OBOJES,
        Petitioner,

vs.                                           Case No. 5:09cv194/RS/EMT

STATE OF FLORIDA and
FLORIDA DEPARTMENT OF CORRECTIONS,
        Respondents.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 1).  Petitioner has also filed a "Motion Seeking Restraining Order" (Doc. 10). Because it plainly appears from the face of the petition that Petitioner is not entitled to the relief he seeks, his petition should be denied.[1]  His "Motion Seeking Restraining Order" should also be denied, as moot.

        Petitioner is a state prisoner who is presently confined at Graceville Correctional Facility.[2] In his petition he presents the following claim, which is largely unedited by the court:

> Respondents "are UNABLE and UNWILLING to prevent constant mistreatment in [the] form of harassment, discrimination, retaliation, framing and ABUSE, mainly due to being "MARKED" as (by staff openly DISLIKED!) [a] "grievance-writer" by about [a] 30 vol. LARGE file following [Petitioner] everywhere . . . having been framed with most of my about 50 [disciplinary reports], been put arbitrarily . . . onto [close management] 4X, maced unlawfully multiple times (retaliation & abuse),

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the court makes its recommendation without directing a response to the instant petition. 28 U.S.C. § 2243.

[2] Other information presented in the petition indicates that Petitioner is a German citizen and that his Department of Corrections prisoner number is 121048.  According to the website of the Florida Department of Corrections, an inmate with Petitioner's name and prisoner number is due to be released September 12, 2017.  The website also reflects that a detainer was lodged against this prisoner in 1997 by the Immigration and Naturalization Service (now known as Immigration and Customs Enforcement).  *See* www.dc.state.fl.us/ActiveInmates.

> beat[en] severe[ly] & strangled in restraints (!) TWICE (1997 & 2001) by guards (!)[;] guards even paid another notorious prisoner to stab me (which I could prevent) in 2001; and countless, constant harassment & retaliation by staff backed by officials who <u>cover</u> all mistreatments all the way to the [Inspector General].

(Doc. 1 at 3). Petitioner requests as relief that the court issue a "[p]rotective order to remove Petitioner from state custody to serve [his] remaining state sentence in federal custody under lawful conditions, no[ ] longer being "MARKED" by [a] LARGE file (following him around) and subject to mistreatment & abuse by antagonistic & vindictive staff & officials everywhere he goes" (*id.* at 6).

As set forth above, Plaintiff alleges that he has been subjected to harassment, discrimination, retaliation, issuance of false disciplinary reports, placement in close management, excessive use of force, and other abuse resulting from Petitioner's self-described status as a "grievance-writer." These allegations relate to the conditions and circumstances of Petitioner's present confinement; they do not implicate a challenge to the fact or duration of his confinement. The sole function of habeas corpus, however, "is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose ." Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir. 1979), *revised by* 596 F.2d 658 (5th Cir. 1979).[3] "Habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration." *Id.* Petitioner's allegations may be appropriate in a civil rights complaint filed pursuant to 42 U.S.C. § 1983, but they do not state cognizable grounds for relief in a § 2241 petition.[4] *See* Preiser v. Rodriguez, 411 U.S. 475, 499, 93 S. Ct. 1827, 1841,

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc ), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

[4] The court additionally notes that Petitioner's response in his petition regarding exhaustion of administrative remedies affirmatively indicates that he did not fully exhaust his claim. More particularly, Petitioner states that he presented his claim to prison officials but that the Florida Department of Corrections' grievance procedure is a "farce" (Doc. 1 at 3). He adds that his "grievances of these past 19 yrs. are TOO numerous to include (file available at FDOC) but basically all claims of misconduct were denied & covered up" (*id.*).

The failure of a prisoner to exhaust administrative remedies prior to filing a petition (or a civil rights complaint pursuant to 42 U.S.C. § 1983) in federal court may bar the court from granting relief. 42 U.S.C. § 1997e(a); *see also* Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (affirming the dismissal of a federal prisoner's § 2241 petition for failure to exhaust administrative remedies). The perceived futility of exhaustion does not excuse a prisoner from pursuing administrative relief before filing a civil complaint in federal court. *See, e.g.,* Higginbottom v. Carter, 223 F.3d 1260, 1261 (11th Cir. 2000) (*per curiam*). Although the Eleventh Circuit may not have definitively ruled on the availability of the futility exception in habeas petitions, assuming the futility exception is applicable, this court notes that

36 L. Ed.2d 439 (1973) (observing that a civil rights action under § 1983 is the appropriate means for seeking relief when a state prisoner challenges the conditions of his confinement, but not the fact or length of his incarceration).

In habeas corpus actions, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 4, Rules Governing Section 2254 Cases; *see also* 28 U.S.C. § 2243.[5] Since Petitioner is plainly not entitled to pursue the relief he seeks under § 2241, his petition should be dismissed without further proceedings. Additionally, if the district court adopts this recommendation of dismissal, the undersigned further recommends that the preliminary injunctive relief requested by Plaintiff be denied as moot.

Accordingly, it is respectfully **RECOMMENDED**:

1.     That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED**, pursuant to Rule 4, Rules Governing Section 2254 Cases, and 28 U.S.C. § 2243. Dismissal should be without prejudice to refiling pursuant to 42 U.S.C. § 1983.

2.     That Plaintiff's pending motion for preliminary injunctive relief (Doc. 10) be **DENIED**, as moot.

At Pensacola, Florida, this 4th day of November 2009.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

Petitioner has not alleged the sort of extraordinary circumstances or patent futility in pursuing administrative relief that might excuse exhaustion. *See* Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (holding futility exception in habeas cases only applicable in "extraordinary circumstances" where petitioner illustrates patent futility); *see also* Jaimes v. United States, 2006 WL 387440, *2 (11th Cir. 2006) (*per curiam*) (stating that "[g]iven our precedent that the exhaustion requirement in § 2241 cases . . . is jurisdictional, whether he may even assert a futility exception to the requirement is questionable."). Thus, even if Petitioner's claim were cognizable under § 2241, it appears he would not be entitled to relief because of his failure to exhaust his administrative remedies through appropriate grievance procedures.

[5] Although Petitioner brought this habeas action pursuant to § 2241 rather than § 2254, Rule 1(b) of the § 2254 Rules allows the court to apply these rules in § 2241 cases. *See* Kramer v. Jenkins, 108 F.R.D. 429, 432 (N.D. Ill. 1985).

Case No. 5:09cv194/RS/EMT

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**</u> **A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** <u>**United States v. Roberts,**</u> **858 F.2d 698, 701 (11th Cir. 1988).**